UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No. 3:21-cv-00413-TJC-JBT

JOY LAIL, et al.,
     *Plaintiffs,*

v.

MIAMI AIR INTERNATIONAL, INC.,
     *Defendant.*

_____/

### MIAMI AIR INTERNATIONAL, INC.'S
### MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY

Defendant Miami Air International, Inc. ("Miami Air"), by and through

its undersigned counsel and pursuant to Fed. R. Civ. P. 6(b), 33(b)(2), and

34(b)(2)(A), files its Motion for Extension of Time to Respond to Discovery

served by Plaintiffs on December 2, 2022 for a period of thirty (30) additional

days up until February 2, 2023. In support, Miami Air states:

### Procedural and Factual Background

1.     On December 2, 2022, Plaintiffs[1] served three discovery requests:

(i) a request to inspect the airplane, flight data recorder ("FDR") and cockpit

voice recorder ("CVR") (the "Inspection Request"), attached as **Exhibit A**; (ii)

Plaintiffs' First Set of Interrogatories, attached as **Exhibit B**; and (iii)

Plaintiffs' Second Request for Production, attached as **Exhibit C** (collectively,

_____

[1] The Discovery Requests were served on behalf of "Plaintiffs, Joy Lail, et al.," Miami Air,
however, has settled the claims of twelve of the Plaintiffs including Joy Lail.

the "Discovery Requests").

2.     Miami Air's current deadline to respond to the Discovery Requests is January 3, 2023.

3.     The parties previously were discussing a Stipulation of Liability and attended a CMC regarding, *inter alia*, this stipulation on December 9, 2022.  Miami Air remains hopeful including based on the progress of the discussions between the parties on the terms of the stipulation that the parties will come to a resolution that will obviate the need for much, if not all, liability discovery.

4.     As to the Inspection Request, Miami Air has confirmed that the airplane is being stored in Jacksonville, Florida.  Miami Air, however, is awaiting confirmation as to the location of the FDR and CVR.  If an inspection becomes necessary, compliance with the Order Lifting Stay as to coordination of Miami Air's discovery obligations, 49 U.S.C. § 1154(3) regarding inspection of the CVR, and a protocol to inspect the aircraft (including payment of costs as to the inspection) will be required.

## Good Cause Exists for the Extension

5.     This is Miami Air's first request for an extension to respond and object to the Discovery Requests.

6.     This Court may extend the deadline to respond to the Discovery Requests under these circumstances. *See* Fed. R. Civ. P. 6(b) (stating the Court

may extend time for good cause); 33(b)(2) (as to interrogatories , "[a] shorter or longer time may be . . . ordered by the court."); 34(b)(2)(A) (as to requests for production, "[a] shorter or longer time may be . . . ordered by the court.").

7.     Plaintiffs will not be prejudiced by the extension sought by this Motion because the discovery cutoff is months away.  The parties initially proposed a discovery cutoff of November 21, 2023 (*see* ECF No. 83), and were advised during the December 9, 2022 case management conference that the deadlines proposed would be extended by approximately three months upon entry of the case management order; accordingly, discovery is expected to continue through all of 2023.

8.     Additionally, as to all Discovery Requests, Miami Air is in need of an extension of time to respond due to the multiple holidays in December and the New Years' holiday impacting Miami Air and outside counsel.

9.     Accordingly, the extension sought by this Motion is not for purposes of unreasonable delay or any other improper purpose and a 30-day extension is proper under the circumstances.

## Conclusion

10.     For the foregoing reasons, Miami Air respectfully requests that this Court: (i) grant this Motion; (ii) grant Miami Air a period of thirty (30) days to respond and object to the Discovery Requests; and (iii) grant such other relief as necessary and equitable.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he attempted to confer with Plaintiffs' counsel on multiple occasions on the extension raised by this Motion. First, undersigned counsel called Plaintiffs' counsel on December 21, 2022 and then emailed Plaintiffs' counsel the same date requesting an extension of time to respond — Plaintiffs' counsel never responded. Second, on December 28, 2022, undersigned counsel left a voicemail message for Plaintiffs' counsel to discuss the extension — Plaintiffs' counsel never responded. Undersigned counsel will continue to follow up with Plaintiffs' counsel in accordance with Local Rule 3.01(g)(3) and will supplement this certificate of conferral accordingly.

Dated: December 29, 2022

HOLLAND & KNIGHT LLP

/s/ *Joshua R. Levenson*
Lee P. Teichner, Esq.
Florida Bar No. 816280
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 375-8500
Facsimile: (305) 789-7799
Email: lee.teichner@hklaw.com

and

Joshua R. Levenson, Esq.
Florida Bar No. 56208
515 East Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301

Telephone: (954) 525-1000
Facsimile: (954) 463-2030
Email: joshua.levenson@hklaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on December 29, 2022, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

Galen D. Bauer, Esq.
Robert F. Spohrer, Esq.
Keith L. Maynard, Esq.
Spohrer & Dodd, P.L.
76 S. Laura Street, Suite 1701
Jacksonville, FL 32202
Email: gbauer@sdlitigation.com
        rspohrer@sdlitigation.com
        kmaynard@sdlitigation.com
***Counsel for Plaintiffs***
**[via CM/ECF]**

*/s/ Joshua R. Levenson*
Joshua R. Levenson
Florida Bar No. 56208
joshua.levenson@hklaw.com